UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:15CV-22-GNS

**DAVID F. BYRD**                                                                   **PLAINTIFF**

**v.**

**LOUISVILLE GAS & ELECTRIC**                                    **DEFENDANT**

## MEMORANDUM OPINION

Unrepresented by counsel, Plaintiff David F. Byrd initiated this action by filing a motion seeking "removal of said cases from Metcalfe Circuit Court to federal court for a jury Bowling Green, Ky" (DN 1). In the caption of the motion, Plaintiff wrote two Metcalfe Circuit Court civil action numbers, 08-CI-00099 and 14-CI-00014. Because Plaintiff sought to remove two civil actions, the Clerk of this Court opened two actions. This action pertains to the removal of civil action number 14-CI-00014.[1]

In support of his motion, Plaintiff states as follows:

I have always said NO and ask for a jury for Justice. It is my right to prove what I know. Relieve Honorable John D. Seay is contempt of court order to be heard in Hart Co. and not Metcalfe Circuit Court. He urge me to seek counsel and we or I did and he let my counsel withdraw after he look at the contract said that was his right and he (counsel) was not there in Hart County Courthouse on December 16 - 2015 and we or I never receive a court order from that day. Metcalfe County Courthouse has no record of December 16 - 2014 and Hart County Courthouse has no record of December 16 – 2014. Clerk said Honorable John D. Seay burn a CD and took it with him. I know by the Spirit of Truth their is no lease on 1535 Center Three Springs Rd. Horse Cave, KY 42749 and the attorneys have said a picture is worth a thousand words and the case # 3879 of George Wilson Hedgepeth v. Louisville Gas and Electric Co. Hart circuit Court Civil Action No. 3879 is support to ordinance of Law.

---

[1] The Defendant named in this Metcalfe Circuit Court case is actually Justin Burris, a Louisville Gas & Electric employee.

Although Plaintiff does not state a legal basis for removal of his action to this Court, removal of an action from state court is governed by 28 U.S.C. § 1441. This section states in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed **by the defendant or the defendants,** to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). "As the statutory language makes plain, only 'the defendant or the defendants' may remove under § 1441(a)." *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002). Moreover, it has long been recognized that, "[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court.'" *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972). Plaintiff, therefore, lacks the authority under § 1441 to remove his own action from state to federal court. Accordingly, the Court must remand the action to state court.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:   August 17, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of record
    Metcalfe Circuit Court
4416.010